No. 31,793

The Board of County Commissioners of the County of Marshall, *Appellee*, v. A. R. Cummings, *Appellant*.

(36 P. 2d 332.)

Opinion filed October 6, 1934.

*Carroll Walker* and *William M. Shaffer*, both of Frankfort, for the appellant.

*A. L. Park*, county attorney, and *P. G. Wadham*, of Marysville, for the appellee.

The opinion of the court was delivered by

Thiele, J.: This was an action to recover moneys paid to a member of the board of county commissioners in excess of his lawful salary.

The petition, among other things, alleged the defendant was at all times mentioned up to January 9, 1933, a county commissioner of Marshall county, which has over 20,000 and less than 25,000 inhabitants; that the compensation of each county commissioner therein was fixed by law at five dollars per day for each day devoted to the performance of lawful duties, but not exceeding the sum of $700 in any one year, and that during the calendar years 1928, 1929, 1930 and 1931 the defendant collected from and received of said county excess payments as follows: The court held the action for payment on account of 1928 was barred and, as the county has not appealed, payment for that year will not be noticed further; that for the calendar year 1929, the same being a fiscal year of said county, defendant collected $700 salary and the sum of $265 in excess thereof; that for the year 1930 the excess was $730.50, and that for the year 1931 the excess was $40. The prayer was for the several amounts set forth, together with the statutory penalties. (See R. S. 19-232.)

Defendant's answer admitted many of the allegations of the petition, denied he had received any sums in excess of $700 per year as compensation as such county commissioner and alleged that any sums paid him by the county in excess of $700 were paid to him as foreman of construction work, and that as road foreman of construction work he actually superintended, and there was constructed under his supervision certain designated work, and that as such foreman he acted upon the advice of the county attorney, who advised him it was lawful to accept such employment and receive compensation. The answer also alleged the bringing of a previous action for the same cause in which a stipulation was entered as to the facts, and that the parties were bound by such stipulation, a copy of which was attached to the answer as an exhibit. It appears that the first action was dismissed without prejudice and the instant action filed. In the stipulation referred to the amounts received by defendant as salary as commissioner and as road foreman for each year are separately stated. There is some variance between the amounts stated in the petition and those stated in the stipulation, but as the petition charges a less amount than the stipulation concedes, we need not notice that phase of the matter further. The stipulation further states that defendant actually served as foreman on construction work in designated benefit districts, and under a

comparative statement of costs of projects supervised by him and by others, it appears he was efficient. It is further stipulated that the county engineer authorized his employment, and the board of county commissioners and the county engineer believed his employment was lawful, although his salary as county commissioner and as road foreman would exceed $700 per year, and that the sums paid defendant as road foreman were paid out of funds raised for construction of roads in benefit districts, and that defendant acted in good faith at all times. With the issues thus joined, plaintiff filed its motion for judgment on the pleadings, which motion the court denied as to amounts paid during the calendar year 1928, and as to statutory penalties on amounts paid during the calendar years 1929 and 1930, and allowed as to the remainder of the amounts sued for and rendered judgment accordingly. The defendant appeals.

For the first few months here involved, the salary of a county commissioner was fixed by chapter 208 of the Laws of 1927, which was amended by chapter 181 of the Laws of 1929, and now appears as R. S. 1933 Supp. 28-121. Marshall county has between twenty and twenty-five thousand population, and at all times here concerned the statute provided each member of the board of county commissioners *"shall receive as full compensation for his services for the county* the sum of five (5) dollars per day . . .: *Provided further,* That the salary of each commissioner shall not exceed in any one year the following amounts:

In counties having a population of                                      *per annum*
    more than 20,000 and not more than 25,000 . . . . . . . . . . . . . . . . . . . . . . . . $700

*". . . Provided, That the salary herein provided shall be in full for all services of every kind performed by such commissioners. . . ."* (Italics ours.)

It would appear that the above statute settled the controversy. It is neither necessary nor advisable that an entire review be made of other statutes having some bearing on the question before us. We are not advised as to the specific statutes under which the county was constructing or maintaining the roads referred to in the pleadings. R. S. chapter 68, article 5, as subsequently amended, pertains to the general county road work, and specifies in detail the duties of the board of county commissioners, and R. S. 68-520 permits the board to do the work itself by buying materials and machinery and employing labor, and R. S. 68-522 provides for payment therefor. R. S. 68-537 provides:

"That in . . . employing labor . . . no member of the board of county commissioners . . . shall have, directly or indirectly, any personal pecuniary interest therein. . . ."

Revised Statutes, chapter 68, article 7, as amended, provides for improvement of county roads in benefits districts, and under R. S. 68-704 it is the duty of the board of county commissioners to take charge of and conduct the improvement, the board being permitted to do the work without contract being let, and under R. S. 68-711 it is the duty of the county to maintain and keep in repair roads so constructed; and other statutes with reference to the powers and duties of the board of county commissioners with respect to roads and bridges might be referred to. (See R. S. 68-1130.) Under R. S. 21-1608 it is an offense for any officer appointed or elected for the purpose of overseeing and directing any public improvement to furnish any materials used in the work or to furnish any other thing required. (And see, also, R. S. 33-107.) Under the admitted facts it is clear that the defendant received from the county moneys in excess of the amount allowed by statute for the performance of acts which it was his legal duty to perform for the amount of salary fixed by the statute, and which he under no circumstances could increase. Conceding his good faith, it would follow that he accepted the excess amounts in the belief that he was not violating any provision of the statute. His belief, however honest, is contrary to express provisions of statute and to considerations of public policy as expressed in the statutes. As a member of the board of county commissioners he had supervisory duties in connection with highway construction as well as many other duties in connection with the county business, and he was bound to know that when he entered upon the duties of his office, the limit of compensation he could receive therefor was $700 per year, and that he could not increase it by having himself hired as an inspector, supervisor or foreman under the county engineer. If his position were tenable, then the provisions of statute limiting his salary, providing he should have no pecuniary interest in road and bridge construction matters, etc., would be meaningless. We refuse to put any such construction on the statutes.

The defendant further contends that there being no fraud, and the payments having been made with knowledge of the facts, the payments were made under mistake of law and cannot be recovered; that the work having been done with plaintiff's knowledge, without protest, and having been accepted, plaintiff is barred from recover-

ing; that if the agreement is illegal both parties are equally at fault; and that equity will not relieve where the effect will permit plaintiff's unjust enrichment at defendant's expense. These contentions will not be discussed further than to remark that a misinterpretation of law by the board of county commissioners, of which defendant was a member, could not and will not be held to affect positive statutory provisions, requirements and results. The defendant could not be a judge in his own case, procure decisions favorable to himself as to his right to additional compensation, collect that compensation, all in derogation of positive statutory provision to the contrary, and then assert that the county is remediless. If such a doctrine were recognized, it would open the door to fraud in the conduct of the county's business by its board of commissioners.

And lastly, defendant contends he should be allowed to recover *quantum meruit*. It cannot be. In addition to what has been said, we may say further that if defendant did not want to serve for the statutory salary, nobody could have so compelled him. The statute says he shall be paid a certain amount per day and not over $700 per year "as full compensation for his services for the county" and that the salary "shall be in full for all services of every kind." (R. S. 1933 Supp. 28-121.) He cannot get indirectly what he could not get directly, and is not entitled to recover *quantum meruit*.

The judgment of the lower court is affirmed.